**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES W. WRIGHT,
Plaintiff-Appellant,

v.

EDWARD REYNOLDS, Manager of
Customer Engineers of TSS;
TECHNOLOGY SERVICE SOLUTIONS,
Defendants-Appellees.

No. 97-2422

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Patrick Michael Duffy, District Judge.
(CA-96-200-4-23)

Submitted: June 30, 1998

Decided: July 22, 1998

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John A. Gaines, Florence, South Carolina, for Appellant. Henry S.
Knight, Jr., Laura E. Zoole, CONSTANGY, BROOKS & SMITH,
L.L.C., Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Wright appeals the district court's order granting summary judgment for his employer, Technology Service Solutions, and Edward Reynolds in his employment discrimination action brought pursuant to 42 U.S.C. § 1981 (1994). Upon de novo review, we affirm.

Wright, a black male, alleges that TSS terminated his employment because of his race, in violation of § 1981. Specifically, he claims that he received a higher workload than other customer engineers because of his race. The district court determined that Wright failed to establish a prima facie case of discrimination and that, moreover, he did not show that TSS' legitimate, non-discriminatory reason for terminating his employment was pretextual.

We review an award of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate where the record taken as a whole establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In ruling on a motion for summary judgment, a court must assess the evidence in the light most favorable to the party opposing the motion. See Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).

We evaluate Wright's § 1981 employment racial discrimination case under the disparate treatment proof scheme developed for Title VII actions in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Patterson v. McLean Credit Union, 805 F.2d 1143, 1147 (4th Cir. 1986). A plaintiff raises an inference of discrimination when he proves the following: (1) that he belongs to a protected class;

2

(2) that he suffered an adverse employment action; (3) that he, at the time of the adverse action, was performing his job at a level that met his employer's legitimate expectations; and (4) that the adverse action occurred under circumstances that raise a reasonable inference of unlawful discrimination. See Ennis v. National Ass'n of Business & Educational Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995). If the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to show a legitimate, nondiscriminatory reason for the employment decision. See Page v. Bolger, 645 F.2d 227, 230-31 (4th Cir. 1981). Then, if the defendant carries this burden, the plaintiff must show that the proffered reason was a pretext for discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). A pretext exists only if the plaintiff shows that the defendant's proffered reason is false and that discrimination was the actual reason for the challenged action. See Jiminez v. Mary Washington College, 57 F.3d 369, 378 (4th Cir. 1995) (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993)).

We find that even if Wright established a prima facie case of racial discrimination, TSS demonstrated a legitimate, nondiscriminatory reason for terminating his employment. The record evidences that TSS terminated Wright's employment for poor performance. The record further indicates that Wright failed to produce probative evidence that TSS' proffered reason for its employment decision was pretextual or based on Wright's race. Wright's naked opinions and unsupported allegations are insufficient to prove pretext. See Gairola v. Virginia Dep't of Gen'l Servs., 753 F.2d 1281, 1288 (4th Cir. 1985). Further, we find that the district court's granting of summary judgment did not violate Wright's Seventh Amendment right to a jury trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3